```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

LEONARD WYATT ROWE, III,

        Plaintiff,

v.                              Case No.  8:15-cv-2158-T-33EAJ

THOMAS BARRY, GERARD BOYLE,
LINDA STEWART DALIANIS, and
CHRISTOPHER KEATING,

        Defendants.
_____/

**ORDER**

    This matter comes before the Court pursuant to Plaintiff Leonard Wyatt Rowe's pro se Motion requesting that this Court "Rescind Magistrate Jenkins October 21 Order" (Doc. # 15), filed on November 6, 2015, as well as a host of other pro se submissions.  As explained below, the Court denies Rowe's Motions but will give Rowe the opportunity to file a Second Amended Complaint in an effort to sustain a viable cause of action against the Defendants, if possible.

**I.**    **Background**

    Rowe initiated this action on September 16, 2015, against three New Hampshire Judges (Hon. Thomas Barry, Hon. Gerard Boyle, and Hon. Linda Stewart Dalianis), as well as a member of the New Hampshire Judicial Council, Hon. Christopher Keating. (Doc. # 1). Rowe has moved the Court to allow him to

proceed in forma pauperis. (Doc. # 3). In his original Complaint, Rowe alleges that Defendants denied him the Sixth Amendment right to court appointed counsel "in a questionable criminal matter." (Doc. # 1 at 1). He also alleges that Defendants violated the Fourteenth Amendment by treating uneducated and indigent litigants differently than those with the means to secure legal representation. (Id. at 2). He further claims that Defendants ignored his requests for information and prevented others from providing requested information, such as interrogatory answers. (Id. at 4). He remarks that there is an erroneous felony warrant on his record and suggests that his request for a passport was denied on this basis. (Id. at 10).

In the original Complaint, Rowe details that he was "in the VA Medical Center psyche ward from March 9th to March 24th" in 2004, and the warrant, which corresponds with this time frame, is accordingly flawed. (Id. at 5). Rowe remarks that he has since "suffered a mild psychotic break" (Id. at 6), and "just last April, from the stress and strain of Respondents, the Plaintiff was involuntarily committed to the VA psyche ward, and 2 months later was admitted for treatment." (Id. at 7-8).

In conjunction with the filing of his original Complaint,

2

Rowe filed his "Motion Diversity Jurisdiction" in which he attests that his constitutional claims supply the Court with subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and that "Plaintiff also exercises his rights to Diversity Jurisdiction" pursuant to 28 U.S.C. § 1332 as "Respondents are and have been residents of NH and the Plaintiff is and has been a resident of Florida, satisfying the resident requirements of 'diverse in citizenship.'" (Doc. # 2 at 2).

In addition, Rowe submitted other verbose documents, including his "Fears and Concerns of Surrender Unconditional" (Doc. # 5), a "Supplemental Complaint" (Doc. # 6), "Ancillary, Indirect Matters to be Published" (Doc. # 7), "Plaintiff's Request for Pro Se Judicial Notice" (Doc. # 9), and others in connection with the filing of the original Complaint on September 16, 2015. (Doc. ## 1-9).  Shortly thereafter, on September 18, 2015, Plaintiff amended his request for in forma pauperis status. (Doc. # 10).

On October 19, 2015, Plaintiff filed his "Title 18 U.S.C. § 1001 Complaint," which the Clerk of Court construed as an Amended Complaint (Doc. # 11); however, that document is not signed by Plaintiff. See Rule 11, Fed. R. Civ. P.  Plaintiff also submitted "Clarifications" on October 19, 2015. (Doc. #

3

12). On that same day, this Court entered its Notice designating this case as a Track Two Case pursuant to Local Rule 3.05, M.D. Fla. (Doc. # 13).

On October 20, 2015, Judge Jenkins entered an Order deferring ruling as to Plaintiff's request to proceed in forma pauperis and gave Plaintiff the opportunity to file an Amended Complaint by November 5, 2015. (Doc. # 14).  Judge Jenkins indicated: "Plaintiff's failure to timely file an amended complaint in compliance with this order that states a claim for relief shall result in the denial of the in forma pauperis application and dismissal of this matter without further notice." (Id. at 8).

At this juncture, Plaintiff seeks an Order "rescinding" or otherwise vacating Judge Jenkins's Order. (Doc. # 15). Due to the rambling nature of Plaintiff's document, the Court is not able to precisely ascertain Plaintiff's concerns about Judge Jenkins's Order.  However, it appears that Plaintiff believes that Judge Jenkins's October 20, 2015, Order is in conflict with this Court's Track Notice.  As explained below, the Court denies the Motion to Vacate Judge Jenkins's Order. However, in an abundance of fairness to Plaintiff, the Court will allow Plaintiff until and including December 15, 2015, to file a Second Amended Complaint that fully complies with the

4

Federal Rules of Civil Procedure, including Rule 11, which requires that all court documents be signed, as well as Rules 8 and 10, which govern the rules of pleading and the form of pleadings.

## II. Discussion

In the Motion to Vacate, Plaintiff indicates that he faces "a quandary over which court order is the Plaintiff suppose to follow, the [Magistrate's] **ORDER,** or the Honorable Virginia Hernandez Covington, United States District Judge's **NOTICE**?" (Doc. # 15 at 2). However, the Court's reading of Judge Jenkins's Order and this Court's Track Notice leads to the conclusion that the two documents are not in conflict. This Court's Track Notice is a form Notice issued in every civil case setting forth general information concerning case management procedures. (Doc. # 13). Judge Jenkins's more detailed Order addressing Plaintiff's request to appear in forma pauperis discussed a different subject matter and relayed important information to Plaintiff regarding the steps necessary for proceeding in this action, especially with respect to Plaintiff's request to litigate without paying the Court's filing fee and other litigation expenses. (Doc. # 14).

Plaintiff's request to vacate Judge Jenkins's Order reflects misunderstandings and misapprehensions regarding the

legal system and the manner in which responsibilities are assigned between District and Magistrate Judges. Plaintiff also references a myriad of documents (i.e., his "Ancillary, Indirect Matters to be Published"), in an effort to demonstrate the nature and validity of his claims. The scattered nature of Plaintiff's documents has caused confusion in this case and must be resolved before the action may move forward. The Court and the Defendants should only be required to reference a single document (the operative complaint) to ascertain the nature of the claims Plaintiff asserts. Here, Plaintiff is attempting to assert his claims in a piecemeal fashion – for instance describing his "diversity jurisdiction" allegations in a motion filed on September 16, 2015 (Doc. # 2), providing "clarifications" of his claims on October, 19, 2015 (Doc. # 12), and tendering an unsigned document, which the Clerk construed as an Amended Complaint on October 19, 2015. (Doc. # 11).

Because Plaintiff is proceeding pro se, the Court liberally construes his pleadings and does not hold them to the same standard than pleadings filed by attorneys. <u>See</u> <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998). However, pro se plaintiff are still bound by the applicable rules of procedure. <u>See</u> <u>Moon v. Newsome</u>, 863 F.2d

6

835, 837 (11th Cir. 1989). In this case, Judge Jenkins was correct to require Plaintiff to file an appropriate Amended Complaint "that invokes this court's jurisdiction and states a claim under federal law or state law over which this court has jurisdiction." (Doc. # 14 at 8). The deficiencies noted by Judge Jenkins (for instance, that Plaintiff is seeking damages against Defendant judicial officers who are cloaked in absolute immunity), are well-founded and should be seriously considered by Plaintiff. Nevertheless, recognizing that Plaintiff did tender an Amended Complaint (albeit unsigned), the day before Judge Jenkins handed down her Order, the Court will permit Plaintiff a final opportunity to state his claims in a single document -- a Second Amended Complaint -- to be filed by December 15, 2015.

As Plaintiff prepares his Second Amended Complaint, the Court reminds Plaintiff that he is required to sign his pleadings. See Fed. R. Civ. P. 11. In addition, the Court directs Plaintiff's attention to Rules 8 and 10 of the Federal Rules of Civil Procedure, which describe the pleading requirements in federal court.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's "Motion Diversity Jurisdiction" (Doc. # 2) is

**DENIED**. In the instance that Plaintiff contends that the requirements for complete diversity of citizenship are satisfied, Plaintiff should include these jurisdictional allegations in his Second Amended Complaint.

(2) Plaintiff's Motion to Vacate Judge Jenkins's Order (Doc. # 15) is **DENIED**. However, the Court will allow Plaintiff until and including **December 15, 2015**, to file his Second Amended Complaint, as authorized herein.

(3) In the instance that Plaintiff fails to file his Second Amended Complaint as detailed above, this case will be subject to dismissal without prejudice without further notice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of November, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All parties of record

8