```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

LEONARD WYATT ROWE, III,

        Plaintiff,

v.                        Case No. 8:15-cv-2158-T-33EAJ

THOMAS BARRY, ET AL.,

        Defendants.

_____/

**ORDER**

This cause comes before the Court in consideration of pro se Plaintiff Leonard Wyatt Rowe, III's Motion requesting recusal of Judge Covington and Judge Jenkins (Doc. # 19), which was filed on December 15, 2015. For the reasons stated below, the Motion is denied as to the undersigned. The Court will leave to Judge Jenkins the determination of whether she will recuse herself from this case.

**Discussion**

According to 28 U.S.C. § 455(a), "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety

whenever possible." <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847, 865 (1988).

28 U.S.C. § 455(a) embodies an objective standard. <u>Parker v. Connors Steel Co.</u>, 855 F.2d 1510, 1523-24 (11th Cir. 1988). Therefore, the test is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." <u>Id.</u> "[A]ny doubts must be resolved in favor of recusal." <u>United States v. Patti</u>, 337 F.3d 1317, 1321 (11th Cir. 2003). However, "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." <u>In re Moody</u>, No. 13-12657, 2014 WL 948510, at *3 (11th Cir. Mar. 12, 2014)(quoting <u>United States v. Greenough</u>, 782 F.2d 1556, 1558 (11th Cir. 1986)).

In the Motion, Rowe indicates that "the judges have mocked and bullied the Plaintiff, a conduct unbecoming of a United States Judge." (Doc. # 19 at 2). Rowe also suggests that recusal is warranted based on his perception that the undersigned's orders are "inflammatory" and "designed to emotionally arouse and work up the plaintiff." (<u>Id.</u> at 21).

2

Plaintiff also requests recusal based on the unfounded, unsubstantiated, and untrue suggestion that the undersigned judge has been in contact with the New Hampshire Judges that are Defendants in this cause.

None of the statements Rowe makes about the undersigned District Judge are correct.  Rather, each and every one of his arguments are unsupported, irrational, and highly tenuous speculation. While he might not have been pleased with this Court's Orders, there is nothing in the Court's Orders that was designed to cause prejudice, emotional harm, or to otherwise illicit an inflammatory response from Plaintiff.  The Court has carefully considered each of Rowe's arguments, and determines that Rowe has not raised an issue bringing the undersigned's impartiality into question. The Court declines to recuse herself from this case and will continue to preside over this case in an impartial manner.

The Court will not decide whether Judge Jenkins should recuse herself.  Without weighing on that matter, the Court refers the Motion to Judge Jenkins for her individual determination.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

3

(1) Plaintiff Leonard Wyatt Rowe, III's Motion requesting recusal of Judge Covington and Judge Jenkins (Doc. # 19) is **DENIED** as to Judge Covington.

(2) The Clerk is directed to refer the Motion (Doc. # 19) to Judge Jenkins for disposition to the extent the Motion calls for the recusal of Judge Jenkins.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of December, 2015.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE